FILED
2015 Oct-13  PM 04:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

ON OCT -9 P 4: 22

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **Mike HARRIS, doing business as MIKE'S GROCERY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NUMBER:** |
| | ) | |
| **UNITED STATES DEPARTMENT OF AGRICULTURE; Tom VILSACK, in his official capacity; Peggy FOUTS, in her official capacity; and UNITED STATES OF AMERICA ;** | ) ) ) ) ) ) | CV-15-TMP-1771-J |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Mike Harris, by and through Plaintiff's attorneys of record, Thomas L. Carmichael, Russell L. England, and Lisa M. Ivey, in the above-styled case and files this *Complaint* and shows unto this Honorable Court as follows:

## I.    INTRODUCTION:

1.    This is a civil action for relief from the arbitrary and capricious

decision of the Supplemental Nutritional Assistance Program, formerly known as the Food Stamp Program, which is a division of the United States Department of Agriculture. Plaintiff brings this action under 7 U.S.C.A. §§ 2021, 2022, and 2023 seeking a de novo judicial review of the administrative determination of defendants to disqualify Plaintiff from participating in the Supplemental Nutritional Assistance Program.

## II.   <u>JURISDICTION and VENUE</u>:

2.   This action arises under and is brought pursuant to 5 U.S.C.A. § 703 and 7 U.S.C.A. §§ 2021, 2022, and 2023. Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the *Federal Rules of Civil Procedure*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also seeks alternate relief under 7 C.F.R. 278.6 and 279.7.

3.   The Plaintiff resides in Walker County, Alabama, and Mike's Grocery, is located within Walker County, Alabama, and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in Walker County, Alabama. Venue is proper in the United States District Court for the Northern District of Alabama pursuant to

28 U.S.C. §§ 1391(b)(1) and 1391(b)(2). Plaintiff asserts that the Jasper Division is the proper Division of the United States District Court for the Northern District of Alabama for the filing of this action.

## III.  **THE PARTIES:**

4. The Plaintiff, Mike Harris, is an adult male citizen of Walker County Alabama, over the age of nineteen (19) years.

5. The Defendant, United States Department of Agriculture, (hereinafter referred to as "USDA"), is the U.S. federal executive department responsible for developing and executing federal government policy on farming, agriculture, forestry and food. The USDA was, and still is, a Department of the United States of America.

6. The Defendant, Tom Vilsack, (hereinafter referred to as "Vilsack") is an adult male citizen of the United States of America, over the age of nineteen (19) years, whose residence is unknown to the Plaintiff. Defendant Tom Vilsack as the secretary of the UDSA is sued in this action in his official capacity as the Secretary of Agriculture, and is the person ultimately responsible for the decisions of the constituent agencies of the USDA.

7. The Defendant, Peggy Fouts, (hereinafter referred to as "Fouts") is an

adult female citizen of the United States of America, over the age of nineteen (19) years, whose residence is unknown to the Plaintiff. Defendant Peggy Fouts as the Southeast Regional Office Director of the Supplemental Nutritional Assistance Program is sued in this action in her official capacity as Director of the Administrative Review Division of the USDA, and the person ultimately responsible for the decisions of the Service for the Southeast Region, including Alabama.

8.    The Defendaut, United States of America, (hereinafter referred to as "USA"), is joined herein as a defendant pursuant to the provisions of the Supplemental Nutritional Assistance Program, specifically, 7 U.S.C.A. §2021, 2022 and 2023.

## IV.  **FULFILMENT OF ADMINISTRATIVE PREREQUISITES:**

9.    Plaintiff has complied with all conditions precedent for the filing of this action by exhausting his administrative remedies.

10.   Plaintiff was given notice that his business, Mike's Grocery, "shall be permanently disqualified from the Supplemental Nutritional Assistance Program" (hereinafter referred to as "SNAP") effective upon the receipt of the USDA's letter dated May 8, 2015, unless an Administrative Review was sought, and an administrative review was

sought, within ten (10) days from the receipt of said letter.

11. Plaintiff was given notice that the USDA had made a decision regarding his "final appeal" and timely request for Administrative Review of the adverse action taken against Mike's Grocery, and the adverse action was upheld by letter dated September 9, 2015, wherein it was stated in pertinent part, "there is sufficient evidence to support a finding that a permanent disqualification from participating as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP) was properly imposed against Mike's Grocery by the Retailer Operations Division."

12. It has been less than thirty (30) days since the Plaintiff received notice that Plaintiff's final appeal was denied by the Defendants by letter dated September 9, 2015.

## V.   FACTUAL   ALLEGATIONS   COMMON   TO   AND INCORPORATED IN ALL COUNTS:

13. Defendant Vilsack as the secretary of the UDSA is the person ultimately responsible for the decisions of the constituent agencies of the USDA, including SNAP.

14. Defendant Fouts as the Southeast Regional Office Director of the Supplemental Nutritional Assistance Program is person ultimately

responsible for the decisions of the Service for the Southeast Region, including Alabama.

15.    Defendants Vilsack and Fouts, jointly and severally, approved and ratified the acts and/or omissions of the USDA and SNAP that have permanently disqualified Mike's Grocery from participating as an authorized retailer in SNAP as described with more specificity hereinafter.

16.    Defendants USDA, Vilsack, Fouts, and USA, jointly, severally and/or in concert with and as partners with the other Defendants named herein, fund, manage, direct and control SNAP.

17.    On or about February 20, 2015, the Defendants issued a letter that was received by the Plaintiff within a reasonable time thereafter, which stated that Plaintiff was in violation of the SNAP Regulations, in that Plaintiff's business, Mike's Grocery, had been charged "with trafficking, as defined in Section 271.2 of the SNAP regulations."

18.    On or about March 3, 2015, March 18, 2015, and April 3, 2015, the Plaintiff responded by letters to the Defendants denying any wrongdoing and disputing the facts as claimed by the investigator by giving plausible 'non-trafficking' explanations for the transactions that the investigator alleged equated to trafficking and alternatively

requesting consideration for a civil money penalty (CMP) in lieu of permanent disqualification.

19. On or about May 8, 2015, the Defendants issued a letter that was received by the Plaintiff within a reasonable time thereafter, which stated that Mike's Grocery was not eligible for a CMP and had been "permanently disqualified from the Supplemental Nutritional Assistance Program, effective upon receipt of [the] letter" unless an Administrative Review was sought, and an administrative review was sought, within ten (10) days from the receipt of said letter.

20. On or about September 9, 2015, the Defendants issued a letter with their Decision enclosed that was received by the Plaintiff within a reasonable time thereafter, denying Plaintiff's appeal and stating that plaintiff had up to 30 days from his "receipt of [the] Decision" to seek judicial review in a U.S. District Court for the district where plaintiff resides.

21. Plaintiff has been transacting sales under SNAP, formerly known as the Food Stamp Program, for more than forty (40) years, and has maintained a stellar record since he became an agent.

22. Multiple inconsistencies and inaccuracies in the investigation report in this case, which appear to be based upon speculation and

supposition, as explained in more detail hereinafter, necessitate a trial de novo of this matter.

23. The alleged transaction reports from the investigating officer purport to show transactions at Mike's Grocery from October, 2014, through January, 2015, however, there are NO allegations that the investigator was able to purchase a single ineligible item on any occasion, clearly establishing that it is not the policy of Mike's grocery to sell violative items.

24. The investigating officer engaged in speculation and surmise and made conclusory statements that "multiple purchase transactions were made too rapidly to be credible;" "multiple transactions were made from individual benefit accounts in unusually sort time frames;" and "excessively large purchase transactions were made from recipient accounts."

25. The alleged transactions upon which the investigator based the conclusory statements, if true—but not, and supported by tangible evidence—but not, would constitute a negligible percentage of the total sales paid by SNAP at Mike's Grocery.

26. The Plaintiff conducted a thorough investigation and survey to attempt to confirm the allegations presented by the investigating

officer and has been unable to confirm through Plaintiff's employees or his family members that any of the transactions complained of were in fact "trafficking" activity.

27. The transaction report provided by the investigating officer states that plaintiff's store has only one (1) check-out register, whereas in actual fact the store has two (2) check-out registers.

28. The Plaintiff submitted at least twelve (12) points of contention that supported Plaintiff's plausible 'non-trafficking' explanations for the transactions that the investigator alleged equated to trafficking.

29. The Plaintiff submitted at least twelve (12) points of contention that supported that Plaintiff was due to be allowed a civil money penalty (CMP) in lieu of permanent disqualification if there was a finding of wrongdoing.

30. There are NO alleged transactions tape recorded to the knowledge of the Plaintiff and if such exist, the Defendants failed to provide copies of such recordings to the Plaintiff.

31. Plaintiff's store is unique in the area, in that it is located on the corner of three (3) 'neighborhoods' in the Sipsey Community and has been the only grocery store serving the Town of Sipsey for almost fifty (50) years. Its location allows many residents, including the elderly and

children, to walk to the grocery store. A Dollar General, which is more of a dry goods store than a grocer, has recently been constructed in the area but it is located approximately one-half mile away from Mike's Grocery. Sipsey does not have sidewalks throughout the Town and there are no sidewalks to Dollar General effectively barricading Dollar General from foot traffic unless persons walk alongside the roadway for approximately one-half mile. This factor in itself suffices to satisfy the hardship requirement for the imposition of a civil money penalty in lieu of disqualification.

32. Plaintiff will suffer irreparable damage and untold hardship if this disqualification is upheld, in that a high percentage of residences of the Town of Sipsey are low income households which rely heavily on SNAP to allow them to purchase groceries. This correspondingly results in a high percentage of Plaintiff's revenue from Mike's Grocery coming from SNAP sale transactions. Plaintiff's main source of business is from grocery sales, which is mostly sold to SNAP customers. If Defendants are allowed to proceed with the disqualification, Plaintiff would have to close down Mike's Grocery as Plaintiff would not be able to pay the staff and overhead. Further, Plaintiff, one of the few businesses in the Town of Sipsey, employs

three (3) employees at Mike's Grocery, who depend entirely on the revenue from this store for their livelihood.

## COUNT ONE

33. Plaintiff realleges and incorporates by this reference each and every allegation of each paragraph hereinabove as though set forth in full herein.

34. The Defendants' decision to permanently disqualify Plaintiff from SNAP was arbitrary and capricious, and violated Defendants' own regulations.

35. The Plaintiff seeks redress as prayed for below in the "General Prayer for Relief" which is herein incorporated by reference.

## COUNT TWO

36. Plaintiff realleges and incorporates by this reference each and every allegation of each paragraph hereinabove as though set forth in full herein.

37. The Defendants' decision to find Plaintiff to be ineligible for a civil money penalty in lieu of disqualification violated 7 C.F.R. §278.6.

38. The Plaintiff seeks redress as prayed for below in the "General Prayer

for Relief" which is herein incorporated by reference.

## VI.  <u>**GENERAL PRAYER FOR RELIEF:**</u>

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for the following relief:

a. Ordering Defendants to stay execution of Defendants' decision to disqualify plaintiff from SNAP and enjoining the implementation of the threatened disqualification;

b. Ordering Defendants to reinstate plaintiff in SNAP immediately;

c. Ordering Defendants to impose a civil money penalty in lieu of disqualification if the court deems any such penalty is just and proper;

d. Awarding Plaintiff costs of suit; and

e. That the Court grant the Plaintiff such other further relief as deemed fair and equitable.

Respectfully submitted,

**THOMAS L. CARMICHAEL (CAR133)**
**ASB-1587-A34T**
**Attorney for Plaintiff**
**CARMICHAEL LAW FIRM, LLC**
**301 N. Walston Bridge Rd., Suite 100**
**Jasper, Alabama 35504**
**(205) 302-0099**
**tlc4injury@yahoo.com**


**LISA M. IVEY (IVE004)**
**ASB-2264-A36I**
**Attorney for Plaintiff**
**301 N. Walston Bridge Rd., Suite 100A**
**Jasper, Alabama 35504**
**(205) 302-3894**
**lmivey@sonet.net**

**PARTIES TO BE SERVED:**

LORETTA E. LYNCH, agent for USA and USDA
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

WANDA ENGLAND, civil process clerk, agent for USA and USDA
United States Attorney
Northern District of Alabama
1801 4th Avenue North
Birmingham, Alabama 35203

TOM VILSACK
United States Secretary of Agriculture
U.S. Department of Agriculture
1400 Independence Avenue, S.W.
Washington, DC 20250

PEGGY FOUTS
SNAP Director
U.S. Department of Agriculture
61 Forsyth St., SW Room 8T36
Atlanta, Georgia 30303-3427